1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17

ERNEST L. LEWIS,

                Plaintiff,

    v.

ALAMEIDA, et. al.,

                Defendants.

_____/

CV F   03 6297 OWW LJO P

FINDINGS AND RECOMMENDATIONS TO
DISMISS ACTION FOR FAILING TO STATE
A CLAIM FOR RELIEF (Doc. 18.)

18
19
20
21
22
23
24
25

      Plaintiff Ernest L. Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 22, 2003.  On October 1, 2003, plaintiff filed an amended complaint which was dismissed by this Court on January 15, 2004.  Plaintiff filed a Second Amended Complaint on February 9, 2004.  On March 25, 2005, the Court dismissed the Second Amended Complaint also for Plaintiff's failure to state a claim for relief.  Plaintiff filed the Third Amended Complaint pending before the Court on April 27, 2005.

26

## A.  SCREENING REQUIREMENT

27
28

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Although the Third Amended Complaint alleges that Plaintiff's rights have been violated, Plaintiff fails to make the nature of those violations clear by alleging specific facts and linking them to the individuals named in the Complaint. Plaintiff provides only a narrative with vague allegations that numerous documents were fabricated by numerous individuals, that *they* attempted to take his wheelchair away from him during a visit to the infirmary for an injury to his right arm despite the fact that they were told Plaintiff had to crawl on the floor because he could not use his wheelchair, that Doctors re-wrote his prescriptions and told him a walker would be better, that his finger was put in a cast which caused limited use of his right hand and that the Doctors had no knowledge of Plaintiff's condition.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

As in the prior instances, Plaintiff was informed that in order to state a claim for relief, he

had to link each individual to an act or omission giving rise to a constitutional violation.   The

Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

federal rights.

### 2.  Eighth Amendment - Deliberate Indifference

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an

objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

"sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

mind," which entails more than mere negligence, but less than conduct undertaken for the very

purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a

1    prisoner's civil rights have been abridged, "the indifference to his medical needs must be

2    substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

3    cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

4    Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

5    treating a medical condition does not state a valid claim of medical mistreatment under the

6    Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

7    because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

8    County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

9    (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

10    (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

11    indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

12    1990).

13        Here, Plaintiff does not allege sufficient fact giving rise to a claim of deliberate

14    indifference against any of the named Defendants.  In fact, with regard to Plaintiff's medical care,

15    Plaintiff states in his Third Amended Complaint that Doctors rewrote prescriptions concerning

16    his medical devices and that he was given a cast for his finger that hindered use of his entire right

17    hand.  These facts indicate a disagreement with the diagnosis rather than an Eighth Amendment

18    violation.  Further, Plaintiff has been given three opportunities to cure this defect and has failed

19    to do so.  Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment

20    claim for relief.

21       ***3. Retaliation***

22        An allegation of retaliation against a prisoner's First Amendment right to file a prison

23    grievance is sufficient to support a claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283,

24    1288 (9th Cir. 2003.)  "Within the prison context, a viable claim of First Amendment retaliation

25    entails five elements: (1) An assertion that a state actor took some adverse action against an

26    inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

27    inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

28    legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations*

1 *omitted*).

2      As in the prior Amended Complaints, Plaintiff makes conclusory allegations concerning

3 retaliation.  According to the Third Amended Complaint, Plaintiff states throughout that

4 documents were fabricated by prison officials in retaliation for his filing inmate appeals.

5 However, other than conclusory allegations of fabrication which, Plaintiff alleges, was for the

6 purpose of retaliation, Plaintiff provides little to no facts.  Thus, the Court cannot make any

7 determination that Plaintiff's allegations state a claim for relief.

8      *4.  Other Allegations*

9      As in the prior Amended Complaints, Plaintiff makes numerous allegations but fails to

10 provide sufficient information that would allow the Court to determine what claim Plaintiff is

11 trying to make.  Plaintiff's entire Complaint consists of a narrative that details numerous

12 conversations but provides no basis for any type of constitutional violation or form of relief.  The

13 Court has informed Plaintiff numerous times that it is not the Court's responsibility to try to

14 guess what claim Plaintiff may be trying to make. The Court has repeatedly provided Plaintiff

15 with legal authority that informs him what is needed to state a claim for relief under that law.

16 However, for whatever reasons, Plaintiff has been unable to cure the defects pointed out to him

17 by the Court.  Plaintiff has been warned previously that his continued failure to state a claim

18 would result in the Court's recommendation that the action be dismissed.

19 **D. CONCLUSION AND RECOMMENDATION**

20      Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

21 under section 1983.  Further, the Court finds that Plaintiff should not be granted further leave to

22 amend as he has had numerous opportunities to cure the defects outlined and has repeatedly

23 failed to do so.  Accordingly, the Court RECOMMENDS that this action be dismissed in its

24 entirety.

25      It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

26 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

27 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

28 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

1  of this Report and Recommendation, any party may file written objections with the Court and

2  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

3  Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

4  within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.

5  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

6        The parties are advised that failure to file objections within the specified time may waive

7  the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

8  1991).

9  IT IS SO ORDERED.

10  **Dated:    July 24, 2006**                                    _____/s/ Lawrence J. O'Neill_____
    b9ed48                                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28